1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9    Adam Scott Branch,                    No. CV-23-01442-PHX-MTL

10                  Petitioner,            **ORDER**

11    v.

12    Ryan Thornell, et al.,

13                  Respondents.

14

15        Before the Court is Petitioner Adam Scott Branch's Petition for Writ of Habeas

16    Corpus (Doc. 1). Magistrate Judge James F. Metcalf issued a Report and Recommendation

17    ("R&R"), recommending that the Petition be denied and dismissed with prejudice. (Doc.

18    15.) The R&R also recommends that a certificate of appealability not be issued. (*Id.*)

19    Petitioner timely filed objections to the R&R. (Doc. 18.)

20                                          **I.**

21        The R&R recounts the factual and procedural history of this case, including the

22    underlying state court proceedings. (Doc. 1 at 1-4.) Neither party objects to that portion of

23    the R&R, and the Court hereby accepts and adopts it. *United States v. Reyna-Tapia*, 328

24    F.3d 1114, 1121 (9th Cir. 2003) (en banc).

25        Also without objection from either party, the R&R summarizes Petitioner's claims

26    for relief as follows:

27            In Ground One, Petitioner argues he received ineffective
             assistance of trial counsel because his counsel failed to
28            suppress confessions that were obtained through threats and
             coercion, "did not motion or argue that the jury was NOT

involved in using priors at sentencing," did not object to perjured testimony, and allowed double punishment and "double counting" at sentencing. In Ground Two, Petitioner contends he received ineffective assistance of appellate counsel because his counsel raised only one issue on appeal and did not raise the issues that no alibi witnesses were called, and that perjured testimony was presented. In Ground Three, Petitioner argues that his sentences are illegal.

(*Id.* at 4 (quoting Doc. 6 at 1-2).)

The R&R concludes that the Petition is "some 1,889 days delinquent." (*Id.* at 9.) It "finds no basis for equitable tolling." (*Id.* at 11.) It also rejects Petitioner's argument that his Petition should proceed even if untimely due to his actual innocence because he "offers no new credible evidence of his innocence, and the record reveals none." (*Id.* at 12.)

In his objections, Petitioner cites several cases apparently for the proposition that his Petition should not be dismissed as time barred. (Doc. 18 at 2-3.) He states that "[t]hese are just a few rulings for the timing issue and the merits can and should be ruled on." (*Id.* at 3.) Second, he argues that his trial counsel was ineffective—an issue that the R&R does not reach because it finds that the Petition is untimely. (*Id.* at 3-4.) Third, Petitioner reasserts his actual innocence argument. (*Id.* at 4-6.) Lastly, he cites several cases and generally states that a certificate of appealability should issue because "jurists of reason could disagree with" the R&R's conclusions or conclude that he "deserve[s] encouragement to proceed further." (*Id.* at 6-7.)

## II.

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original); *see Thomas v. Arn*, 474 U.S. 140, 149 (1985) (finding that district courts need not conduct "any review at all . . . of any issue that is not the subject of an objection"). Additionally, the Court is only required to review specific objections to an R&R. *See* Fed. R. Civ. P. 72(b)(2); *see also Warling v. Ryan*, No. CV-12-91396-PHX-DGC (SPL), 2013

1    WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("[A] general objection has the same effect

2    as would a failure to object." (internal marks and citation removed)).

3                                                  **III.**

4             Petitioner's objections are without merit.

5             First, Petitioner's apparent objection to the R&R's finding that his Petition is

6    untimely is an ineffective general objection. He identifies no specific error in the R&R.

7    Indeed, he makes no argument at all. Instead, he quotes cases. The Court is under no

8    obligation to divine Petitioner's intended objection based on his case citations and review

9    it de novo. *See Warling*, 2013 WL 5276367, at *2. Regardless, to the extent that Petitioner

10   argues that the applicable statute of limitations imposed by the Anti-Terrorism and

11   Effective Death Penalty Act of 1996 ("AEDPA") is unconstitutional, that argument has

12   been persuasively rejected by the Ninth Circuit. *Ferguson v. Palmateer*, 321 F.3d 820, 823

13   (9th Cir. 2003).

14            Second, because the R&R correctly determines that the Petition is time barred,

15   Petitioner's arguments regarding the merits of his ineffective assistance of counsel

16   argument are not relevant.

17            Third, Petitioner's objection to the R&R's determination that he has not adequately

18   asserted actual innocence is similarly unavailing. The Supreme Court of the United States

19   has advised that, to present a credible claim of actual innocence, a petitioner must "support

20   his allegations of constitutional error with new reliable evidence—whether it be

21   exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

22   evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

23   Petitioner has identified no error in the R&R's conclusion that he has failed to present any

24   new credible evidence of his innocence. Nor does the Court find any. Instead, Petitioner

25   demands new hearings with new counsel. That is insufficient to invoke the actual

26   innocence exception to AEDPA's statute of limitations. *See id.*

27            Finally, Petitioner likewise identifies no error in the R&R's conclusion that a

28   certificate of appealability should not issue. This is also an ineffective general objection

which the Court is not required to review. *See Warling*, 2013 WL 5276367, at *2. Even so, the Court finds that the R&R's determination is correct, as Petitioner has failed to demonstrate that reasonable jurists would find the Court's ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

## IV.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 15) is **accepted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **dismissed with prejudice.**

**IT IS FURTHER ORDERED denying** the issuance of a certificate of appealability because Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El*, 537 U.S. at 327.

**IT IS FINALLY ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 5th day of August, 2024.

Michael T. Liburdi
United States District Judge